No. 26.—ABEL NELSON, plaintiff in error, *vs.* LORENZO M. BIG-
GERS, defendant.

[1.] A warranty of a slave " to be healthy," does not extend to a warranty of
soundness of mind, but of the body only.

Assumpsit, in Muscogee Superior Court.    Tried before Judge
ALEXANDER, November Term, 1848.

Suit was commenced in the Superior Court of Muscogee Coun-
ty, on a note made by Lorenzo M. Biggers and Joseph Biggers,
for the sum of $908.

The defendants pleaded that said note was given for certain
negroes, and among others, Betty ; and that the consideration
had partially failed in this, that said negro was imbecile in her
mind, so as to be incapable of performing the ordinary duties and
labors of a slave ; and farther pleaded, that the said Nelson had,
at the time of the purchase, warranted the said negro to be
" healthy."

Upon the trial, the following bill of sale was given in evidence :
GEORGIA, HARRIS COUNTY.

This, January 30th, 1844, received of L. M. Biggers five hun-
dred dollars, for and in consideration of a certain negro woman,
named Betty, and her child, Anonicat—the said woman about
27 years old, and the child about seventeen months old ; which
said negroes I warrant to be slaves and to be healthy, and the
right and title or claim from myself and all other persons whatev-
er.    In testimony whereof, I hereunto set my hand and seal.

In presence of—                    ABEL NELSON, [L. S.]
Test, JAMES S. HAGINES.

Several questions arose, upon the admissibility of testimony
offered, which not being decided by this Court, it is unnecessary
to state.

The Court charged the Jury, " that by the terms of said bill of
sale, that the plaintiff warranted the said negro woman, Betty,
to be sound in body and mind ; that the term healthy referred as
much to the mind as to the body ; and that if, from the
evidence, they should believe that the said negro Betty, from im-
becility of mind, was, as a slave, incapable of performing the or-
dinary work and labor, that they should deduct from said note,

such an amount as they should be satisfied from the proof, she was worth, less than if she had capacity to perform ordinary work and labor."

Which charge was excepted to by the plaintiff below, and is now before this Court for review.

INGRAM, for plaintiff in error, cited and commented on the following authorities :

1 *Green. Ev.* 337, 352, 336.   *Doe d. Freeland vs. Bent,* 1 *T. R.* 701.   2 *Starkie,* 768, 769, 760, *note,* 764.   2 *E. C. L. R.* 86.   *B. N. P.* 173.   9 *East,* 421.   8 *T. R.* 147.   9 *Mass. R.* 270.   14 *Wend.* 195.   4 *Rawle,* 141.   1 *Cow.* 250.   *Poth. on Obl.* 181, 182.   *Rex vs. Scammondon,* 3 *T. R.* 474.

G. E. THOMAS, for defendant, cited :

5 *Ala. R.* 521.   2 *Starkie Ev.* 565, 566.   4 *East,* 110.   2 *Dall.* 173.   2 *B. & P.* 164.   4 *Stew. & Porter,* 282.   3 *McCord,* 250.   4 *Stewart,* 285.   3 *Kent,* 474.

*By the Court.*—WARNER, J. delivering the opinion.

[1.] The only question made by the record in this case, for our adjudication, is the construction which shall be given to the word " healthy," contained in the bill of sale made by the defendant in the Court below.   The defendant warrants the negroes to be slaves, and to be " healthy."   Does the warranty that the negroes are " healthy," extend to soundness of mind?   We think not, when taken in the common acceptation of the term.   The term " healthy" properly applies to the sound condition of the body, and not to the mind.   We do not say a person has a *healthy* mind, when we wish to convey the idea of a sound intellect, nor do we say a person has an *unhealthy* mind, when we wish to convey the idea of a weak intellect.   A general warranty of soundness, would, in our opinion, extend both to the body and mind of the slave, because the term sound is more comprehensive than the term healthy—hence we say, sound in body and mind, sound-minded man, good sound sense, &c.

The usual term " sound," being omitted in this bill of sale, and

the term " healthy" only inserted, we think it may fairly be presumed that it was the intention of the contracting parties, that the warranty should only extend to the body of the slave, and not to her mind. No decided case, directly in point, has been cited at the bar, nor have we been able to find any. For the reasons already given, let the judgment of the Court below be reversed, and a new trial granted.